1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    MARK SLOAN,                              Case No. 22-cv-00903-JST

8                  Plaintiff,                 **ORDER CONSOLIDATING AND
                                              STAYING CASES; DENYING MOTIONS
9          v.                                 TO INTERVENE AND STAY AS MOOT;
                                              AND DENYING STIPULATION RE:
10   MARK ZUCKERBERG, et al.,                 CO-LEAD COUNSEL**

11                 Defendants.                Re: ECF Nos. 15, 18

12   HUGHES GERVAT,                           Case No. 22-cv-01206-JST

13                 Plaintiff,                 Re: ECF No. 7

14         v.

15   MARK ZUCKERBERG, et al.,

16                 Defendants.

17

18         The Court has reviewed the parties' and proposed intervenors' joint response to the order

19   to show cause as to why these cases should not be consolidated and stayed.  *Sloan* ECF No. 43;

20   *Gervat* ECF No. 39.  Plaintiffs, Defendants, and Proposed Intervenors all agree that these cases

21   should be consolidated.  They also all agree that the action should be stayed at least until after the

22   Court has resolved any challenges to the complaint in the related securities class action, *Ohio

23   Public Employees Retirement System v. Meta Platforms, Inc.*, Case No. 21-cv-08812-JST.

24         The only dispute is whether the Court should grant Plaintiffs' request, on which

25   Defendants take no position but which Proposed Intervenors oppose, to appoint co-lead counsel

26   for Plaintiffs now.  The Court declines to do so.  Plaintiffs have identified no reason to appoint

27   lead counsel while the case is stayed.  Nor is the Court persuaded, as Plaintiffs argue, that

28   Proposed Intervenors have waived any objections to Plaintiffs' appointment request.  Plaintiffs

United States District Court
Northern District of California

filed their request on March 7, 2022.  Proposed Intervenors filed their motion to intervene and stay on March 8, 2022 – the following day.  Although Proposed Intervenors' motion did not specifically ask the Court to defer ruling on Plaintiffs' appointment request, that was implicit in their motion to stay.

With good cause appearing, IT IS HEREBY ORDERED that:

1. These cases are consolidated for all purposes under Rule 42(a) of the Federal Rules of Civil Procedure.  The consolidated action shall be maintained under Case No. 4:22-cv-00903 and captioned as "*In re Meta Platforms, Inc., Derivative Litigation.*"  The Clerk shall close Case No. 4:22-cv-01206.

2. The consolidated action is stayed until the Court has resolved any challenges to the complaint in the related securities class action, Case No. 21-cv-08812, or the defendants in that case indicate that they will not challenge the pleadings.  This is without prejudice to the parties' seeking to extend the stay, either by motion or stipulation.

3. Any subsequently filed, removed, or transferred shareholder derivative action that alleges the same or substantially similar claims as this consolidated action shall be consolidated for all purposes.  Any party objecting to such consolidation must file a motion requesting relief from this order within 14 days after the action is consolidated.

4. Proposed Intervenors' motions to intervene and stay are denied as moot.  *Sloan* ECF No. 18; *Gervat* ECF No. 7.  If Proposed Intervenors continue to seek intervention after the stay has been lifted, they shall meet and confer with the parties to attempt to reach agreement.  If they cannot reach agreement, they may file a new motion to intervene.

5. The parties' stipulation regarding the deadline to respond to the complaint and appointing co-lead counsel for Plaintiffs is denied without prejudice.  ECF No. 15.  The parties may renew these requests once the stay has been lifted.

**IT IS SO ORDERED.**

Dated:  June 8, 2022



JON S. TIGAR
United States District Judge